WHITE, Judge.
Plaintiffs appeal a final decree in favor of the defendants in a suit by which the plaintiffs sought to void an alleged mortgage loan transaction as being usurious.[1]
The defendants by answer and counterclaim denied that the involved transaction was a mortgage loan and alleged that on the contrary it concerned a deed absolute with option back to plaintiffs and that plaintiffs breached the option agreement; and defendants sought to quiet title to the subject property. Consequent upon evidence adduced at final hearing the chancellor found against the plaintiffs, dismissed their complaint and found for the defendants on the counterclaim. The decree reads in pertinent part:
“2. The plaintiffs have failed to establish by a preponderance of the evidence that the transaction between the *707 parties was in reality a mortgage loan, rather than a deed absolute from Dor-manine Holding Corporation to Oxley, with option back to Zmistowski Construction Company, as expressed in the plain terms of the written instrument. The Court finds that the intent of the parties, with reference to the nature of the transaction, was as asserted by the defendant OXLEY, and that the contentions of the plaintiffs, M. J. Zmis-towski, et al-, with respect thereto are not supported by credible testimony.
“3. The plaintiff Construction Company has failed to carry out its obligations under the Agreement of Purchase and Sale dated March 14, 1958, and the Supplement thereto dated October 21, 1958, wherefore such Agreement and such Supplement are of no further force and effect.
“4. The defendant Oxley has title to all lands heretofore conveyed to him by Dormanine, * * * free and clear of any and all claims by or on behalf of the plaintiffs, M. J. ZMISTOWSKI and his wife, DORIS L. ZMISTOWSKI, ZMISTOWSKI CONSTRUCTION COMPANY, a Florida corporation, and DORMANINE HOLDING CORPORATION, a Florida corporation, or persons claiming under, by or through said plaintiffs.” (emphasis added)
 The parties differed in their versions of the facts, and accordingly the chancellor’s findings were based upon conflicting testimony. There was, however, competent and substantial evidence to support the defendants’ version. In this situation the findings of the chancellor, the witnesses having testified before him, will not be disturbed on appeal. On such a record the reviewing court will not substitute independent findings of its own.
Where the relationship of seller and purchaser is established between parties the percentage of profit or loss obviously has no relation to the usury law. Indian Lake Estates, Inc. v. Special Investments, Inc., Fla. App.1963, 154 So.2d 883, 888. The instant plaintiffs undertook to prove that the deed to the defendants, which deed was absolute on its face, was intended to operate as a mortgage to secure a loan. The burden was on the plaintiffs. Markell v. Hilpert, 1939, 140 Fla. 842, 192 So. 392. The chancellor found that the intent of the parties was to effect a deed absolute with option back and that the plaintiffs therefore had failed to establish that the transaction was in reality a mortgage loan. With this conclusion we cannot disagree, so the decree will not be disturbed.
Affirmed.
KANNER, Acting C. J., and BARKER, ROGER, A., Associate Judge, concur.

. In two previous appearances of this cause before this court, the chancellor was.affirmed in finding (1) that jurisdie- . tion had been acquired over the parties (Fla.App., 128 So.2d 186) ; and, (2) that the complaint stated a cause of action (Fla.App., 140 So.2d 890).